76,780-03

Michael William Godfrey
TDCJ # 1340683
Boyd Unit
200 Spur 113
Teague, Texas 75860

October 26, 2015

Honorable Abel Acosta
Chief Deputy Clerk
Court of Criminal Appeals
P.O.Box 12308
Austin, Texas 78711

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 02 2015

Abel Acosta, Clerk

RE:   Filing of Applicant's Objection – SUPPLEMENTAL

Dear Honorable Clerk:

    Enclosed, please FIND Applicant's Objection to Court's Findings of Fact and Conclusions of Law – SUPPLEMENTAL.  FILE, and bring to the attention of the Court Justices.

Thank you.

Sincerely,

Michael William Godfrey
TDCJ #1340683

Applicant Pro Se

Cc: Chris Daniel, Harris County District Clerk's Office

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## IN THE 230TH DISTRICT COURT OF HARRIS COUNTY, TEXAS

| | | |
|---|---|---|
| EX PARTE | § | Case # WR-76-780-3 |
| | § | |
| MICHAEL W. GODFREY | § | Trial Court No. 912345-D |
| | § | |

## APPLICANT'S OBJECTION TO COURT'S FINDING OF FACT AND CONCLUSIONS OF LAW

## SUPPLEMENTAL

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** Michael William Godfrey (Applicant) in the above styled and numbered cause and files this, his first Supplemental to his Objection to Court's Findings of Fact and Conclusions of Law. Applicant would ask the Court to consider the following:

## I. BACKGROUND

Applicant was alleged in a Motion To Adjudicate Guilt, among other things, *inter alia*, possession of marijuana less than 4 grams, and an Adjudication Hearing was held. The Honorable Susan Brown of the 185th

District Court of Harris County found the possession charge to be 'true' and assessed 15 years in the Texas Department of Criminal Justice.

Applicant subsequently filed an Application For Writ of Habeas Corpus. The Honorable Brad Hart of the 230th District Court of Harris County adopted and signed the State's Proposed Findings of Fact and Conclusions of Law on September 8, 2015, one (1) month past the due date for the Court to forward the file to the Court of Criminal Appeals. Applicant then filed his Objection to Court's Findings of Fact and Conclusions of Law.

In his 'Objection' he re-iterates his position that he is "actually innocent" of the only law violation that revoked his probation: possession of marijuana, less than 4 grams because:

(1) Matthew De Los Santos brings "newly discovered" affidavit testimony that the marijuana did not belong to Applicant, but was his, and that he had left it in the backseat of the Applicant's truck the night prior to being stopped and the marijuana was found, and;

(2) Applicant's defense counsel failed to investigate this **exculpatory alibi evidence**. Thus, because counsel failed to discover this exculpatory alibi evidence, it was "unavailable" to the fact-finder, Judge Susan Brown of the 185th District Court. It is "more likely than not" that the

Judge would have continued Applicant on his probation, finding him "actually innocent" of the only law violation that revoked his probation.

## II. ACTUAL INNOCENCE

The entire time the Applicant was on probation, just under four (4) years, he was required to take a drug test every two (2) weeks, even against the assessment that he was not susceptible to using drugs. Not once did he test positive. (**Exhibit A**). Therefore, it would be safe to draw the inference that Applicant was not in the habit of using marijuana. If he was, *arguendo*, he would be in the habit of possessing it. If he was in the habit of possessing it, then, at least, it would be safe to infer that Applicant would not be careless and leave it out in the open on the backseat where it would be clearly seen by someone looking in, i.e.: say, a police officer (Officer Michael Sprinkle) initiating a routine traffic stop for a recently expired inspection sticker. *It is a sad day when someone does twelve years in prison on a fifteen year sentence because of an expired inspection sticker.*

Applicant was the owner/operator of SG Systems, a six-figure General Contracting business in Commercial Construction. Applicant built malls, banks, and shopping strip centers. He used his trucks, registered in the SG System's name, as "company trucks", to transport workers to and from job

sites. It is not unreasonable to infer that the marijuana belonged to one of the workers, especially since it was found in the backseat.

In light of this premise, it would also not be unreasonable to infer that the marijuana was left in the backseat by someone who was in the backseat. (emphasis added). Matthew De Los Santos brings **"newly discovered" evidence** that it was him who had left it in the backseat the night prior to the traffic stop for the inspection sticker and the marijuana was discovered.

IN CONCLUSION, it would be unreasonable to assume that the marijuana belonged to the Applicant. In light of the "newly discovered" evidence, the Court should consider the existence of another perpetrator, and declare Applicant "actually innocent" of the possession charge, and grant relief.

## III.  ABUSE OF DISCRETION

After the first Application For Writ of Habeas Corpus was filed on January 4, 2010, claiming Ineffective Assistance of Counsel, Conflict of Interest, and Prosecution's Use of Misleading Testimony at the Adjudication Hearing, the State, in its Proposed Findings of Fact and Conclusions of Law, which the Court adopted, proposed that even without counsel's ineffective

assistance, counsel's conflict of interest, and Prosecution's use of Misleading Testimony, the Applicant plead 'true' to the allegation that he purchased alcohol. (R.R. at 7) State's Proposed Findings, 33).

Applicant pled true to purchasing alcohol because he was being honest. Applicant purchased a bottle of Southern Comfort for his mother while in route to his mother's house. The 185th used this to revoke Applicant's probation. This was a clear Abuse of Discretion because **"buying it is not a violation"**.

A District Court Abuses its Discretion when it improperly applies the law, or when a judge renders a decision that is incorrect. _U.S. v Alexius_, 76 F. 3d 642 (5th Circuit 1996) (the Court of Appeals held that the District Court abused its discretion by not allowing the cross-examination of a witness regarding a pending federal felony drug charge and that the error was not harmless); _U.S. v. Russell_, 76 F. 3d 808 (6th Circuit 1996) (trial court improperly considered defendant's involvement in drug transaction that happened months after charged offense and that did not occur "during the commission of the offense of conviction".

In an email conversation between Elizabeth Horton (CSC), the Applicant's Probation Officer, and Sheryl Frerichs (CSC), another Probation Officer on August 5, 2004 at 8:41AM, Elizabeth Horton stated: "I told John

(polygrapher) we needed to know specifically if the defendant consumed alcohol because "buying it is not a violation"..." (Emphasis added). There is no proof in the record that Applicant "consumed" alcohol. **(Exhibit B).**

This Honorable Court should consider these facts in determining whether Applicant's probation should have been revoked.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Michael William Godfrey (Applicant) **PRAYS** for declaratory judgment.

Respectfully Submitted,

Michael William Godfrey
TDCJ #1340683
Boyd Unit
200 Spur 113
Teague, Texas 75860

Applicant Pro Se.

# CERTIFICATE OF SERVICE

I, Michael William Godfrey, TDCJ #1340683, being currently incarcerated at the Boyd Unit, TDCJ-CID, and being the Applicant in the foregoing proceedings do verify that this is a true and correct copy of the foregoing has been mailed to:

>Linda Garcia
>Assistant District Attorney
>1201 Franklin, Suite 600
>Houston, Texas 77002

under penalty of perjury.

Michael William Godfrey
TDCJ #1340683
Boyd Unit
200 Spur 113
Teague, Texas 75860

Applicant Pro Se.

# EXHIBIT A

## Proof of all of Applicant's drug results from 2002–2005

## [All negative]

# Chronological Summary

Next Rpt Date ........................... @ ...........................

**CAUSE/CSCD#**

091234501010

| DATE | TYPE OF CONTACT | SUMMARY OF CONTACT | LOS 2 |
|------|------------------|---------------------|-------|
| 8/22/2005 | UA | CSO RECEIVED UA RESULTS- NEGATIVE. ELIZABETH HORTON Y8 | |

**Defendant:** MICHAEL GODFREY     **CSO:** Elizabeth Horton     **POI** Y8

# Chronological Summary

**CAUSE/CSCD#**

091234501010

**SPN#**

01238606

Next Rpt Date .......................... @ ..........................

| DATE | TYPE OF CONTACT | SUMMARY OF CONTACT | LOS 2 |
|------|------|------|------|
| 5/23/2005 | UA | CSO RECEIVED UA RESULTS- NEGATIVE.<br><br>ELIZABETH HORTON Y8<br><br><br>CSO RECEIVED 4-05 SOTP PROGRESS REPORT.<br><br>ELIZABETH HORTON Y8 | |

| Defendant: | MICHAEL GODFREY | CSO: | Elizabeth Horton | POI | Y8 |

# Chronological Summary

**SPN#**
01238606

**Next Rpt Date** ........................ @ ........................

| DATE | TYPE OF CONTACT | SUMMARY OF CONTACT | LOS 2 |
|---|---|---|---|
| 4/11/2005 | UA | CSO RECEIVED UA RESULTS- NEGATIVE.  ELIZABETH HORTON Y8 | |

**Defendant:** MICHAEL GODFREY        **CSO:** Elizabeth Horton        **POI** Y8

# Chronological Summary

CAUSE/CSCD#
091234501010

SPN#
01238606

Next Rpt Date _____ @ _____

LOS
2

| DATE | TYPE OF CONTACT | SUMMARY OF CONTACT |
|------|-----------------|--------------------|
| 2/28/2005 | UA | CSO RECEIVED UA RESULTS- NEGATIVE. |

ELIZABETH HORTON Y8

| Defendant: | MICHAEL GODFREY | CSO: | Elizabeth Horton | POI Y8 |
|------------|-----------------|------|------------------|--------|

# Chronological Summary

**SPN#**
01238606

Next Rpt Date _____ @ _____

**CAUSE/CSCD#**
091234501010

| DATE | TYPE OF CONTACT | SUMMARY OF CONTACT | LOS 2 |
|---|---|---|---|
| 2/8/2005 | MAIL | CSO RECEIVED 2004 SOTP ANNUAL PROGRESS REPORT.  ELIZABETH HORTON Y8  CSO RECEIVED UA RESULTS- NEGATIVE.  ELIZABETH HORTON Y8 | |

**Defendant:** MICHAEL GODFREY    **CSO:** Elizabeth Horton    **POI** Y8

# Chronological Summary

**CAUSE/CSCD#**
091234501010

**SPN#**
01238606

Next Rpt Date ............................ @ ............................

| DATE | TYPE OF CONTACT | SUMMARY OF CONTACT | LOS 2 |
|------|----------------|--------------------|---------|
| 11/11/2004 | UA | CSO RECEIVED UA RESULTS- NEGATIVE. ELIZABETH HORTON Y8 | |

Defendant:     MICHAEL GODFREY      CSO:     Elizabeth Horton     POI   Y8

# CHRONOLOGICAL SUMMARY

01238606
SPN#

912345
CAUSE #

| DATE | TYPE OF CONTACT | SUMMARY OF CONTACT |
|------|-----------------|--------------------|
| 01/13/04 | | Received UA results from 01/09/04, negative.<br>Winfred Dean YX |
| 01/16/04 | | Received ELM Reports from GSSC from 01/05/04 through 01/15/04. Reviewed, no violations noted.<br>Winfred Dean YX |
| 01/20/04 | | Received progress report from SOTP, Rosslyn Granger for the month of December 2003. No sessions missed. Participation: attentive, said very litter, did not initiate.<br>Current treatment goals: define treatment goals<br>Winfred Dean YX |
| 01/26/04 | | Received ELM reports from GSSC from 01/16/04 through 01/23/04. Reviewed, no violations noted.<br>Winfred Dean YX |
| 01/26/04 | tc | Received call from Mary with GSSC advising that defendant needed to have in monitor checked for battery change. She reported that he had several open close strap reports over the weekend which usually indicates that a battery change is needed.<br>Winfred Dean YX |

LOS   2   PROBATIONER'S NAME:   Michael William Godfrey

# CHRONOLOGICAL SUMMARY

01238606
**SPN#**

912345
**CAUSE #**

| DATE | TYPE OF CONTACT | SUMMARY OF CONTACT |
|------|-----------------|--------------------|
| 09/10/03 | tc | Received message from defendant reporting that the job ended with Drake. Reports started a new job with Taft Construction 4543 Post Oak Rd. #214, Houston, TX 77057, ph # 713-960-9991. Reports job site is at Memorial City Mall rebuilding the front entrance. Reports that he is calling Officer Coffelt to report update.<br>Winfred Dean YX |
| 09/12/03 | | Received UA results from 09/08/03, negative.<br>Winfred Dean YX |

LOS __2__     PROBATIONER'S NAME: _____ **Michael William Godfrey**

# CHRONOLOGICAL SUMMARY

912345
CAUSE #

| DATE | TYPE OF CONTACT | SUMMARY OF CONTACT |
|------|-----------------|--------------------|
| 05/23/03 | | Received Sex Offender psychosocial evaluation completed by Rosslyn Granger 12/11/02, Sex Offender Treatment recommended. Winfred Dean YX |
| 05/23/03 | | Received UA results from 05/19/03, negative. Winfred Dean YX |

LOS __2__    PROBATIONER'S NAME: _____ Michael William Godfrey

# CHRONOLOGICAL SUMMARY

01238606
SPN#

912345
CAUSE #

| DATE | TYPE OF CONTACT | SUMMARY OF CONTACT |
|------|------|------|
| 03/11/03 | tc | Contacted SOTP, Granger and left message for call to be returned. Winfred Dean YX |
| 03/11/03 | tc | Received returned call from SOTP, Rosslyn Granger to verify defendant's attendance in treatment. SOTP informed CSO that defendant did make session up on 03/05/03 for missed session on 03/01/03 but called her on 03/07/03 and left a message requesting his fee balance. He also advised that he would report for session on 03/08/03. However, informed that he failed to report for his session on 03/08/03. CSO advised that defendant came in to report today but CSO was not aware that he missed his session this past weekend. Ms. Granger reported the she would send notification of missed treatment session today. Winfred Dean YX |
| 03/12/03 | tc | Contacted defendant and left message on voice mail for call to be returned. Winfred Dean YX |
| 03/12/03 | | Received reports from Rosslyn Granger dated 03/11/03 notifying of missed treatment sessions on 03/01/03 and 03/08/03. Defendant made up missed session on 03/01/03 on 03/05/03. Winfred Dean YX |
| 03/12/03 | | TRACKING SHEET SUBMITTED TO Gary Roberts with HPD. Winfred Dean YX |
| 03/12/03 | tc | Received returned call from defendant, questioned him about why he did not report that he missed SOTP on 03/08/03 when he reported for this office visit on 03/11/03. Defendant reported that he was afraid to tell CSO that he missed, CSO questioned him about the reason for the miss. He reported that he missed because he work up late. Winfred Dean YX |
| 03/13/03 | | Received UA results form 03/11/03, negative. Winfred Dean YX |
| 03/17/03 | | Received progress report from SOTP, Granger for the month of February 2003. No sessions missed, participation needs improvement. Winfred Dean YX |

LOS ___2___     PROBATIONER'S NAME: ___Michael William Godfrey___

# CHRONOLOGICAL
# SUMMARY

01238606
SPN#

912345
CAUSE #

| DATE | TYPE OF CONTACT | SUMMARY OF CONTACT |
|---|---|---|
| 02/12/03 | | Received UA results from 02/07/03, negative.<br>Winfred Dean YX |
| 02/17/03 | | Received progress report from Granger for the month of January 2003. No sessions missed, needs to be more focused and show initiative in treatment.<br>Received Annual Progress Report for the year 2002. Overall progress, below average.<br>Winfred Dean YX |
| 02/25/03 | tc | Contacted defendant and reset visit for 02/27/03 @ 7:30 am.<br>Winfred Dean YX |

LOS  2        PROBATIONER'S NAME:        Michael William Godfrey

# CHRONOLOGICAL SUMMARY

01238606
SPN#

912345
CAUSE #

| DATE | TYPE OF CONTACT | SUMMARY OF CONTACT |
|---|---|---|
| 10/09/02 | tc | CSO contacted defendant and informed him that the court is allowing his 30 days to locate a new residence. Advised that he needs to move from current location by 11/08/02. Defendant agreed to comply. To contact CSO 7 days prior to any move.<br>Winfred Dean YX |
| 10/11/02 | tc | Received call from defendant, reports working on a job at a doctor's office for Dr. Salee 1210 NASA Rd 1, 77058, 281-543-8200.<br>Winfred Dean YX |
| 10/11/02 | | Received UA results from 10/09/02, negative.<br>Winfred Dean YX |
| 10/17/02 | tc | Received call from defendant, requesting the surveillance officer measure the distance again from pool as he feels that the measurement is not accurate. He requested to be present when the measurement is conducted.<br>Winfred Dean YX |
| 10/17/02 | | Submitted request for residence be measured again for csz compliance.<br>Winfred Dean YX |

LOS _____   PROBATIONER'S NAME: _____ **Michael William Godfrey**

# EXHIBIT B


## Proof of email conversation between (CSC)s

## Elizabeth Horton and Sheryl Frerichs

## Horton, Elizabeth (CSC)

**From:** Frerichs, Sheryl (CSC)
**Sent:** Thursday, August 05, 2004 8:41 AM
**To:** Horton, Elizabeth (CSC)
**Subject:** RE: Probationer Michael Godfrey

Did you find out whether or not he lied to you about John rescheduling him??

-----Original Message-----
**From:** Horton, Elizabeth (CSC)
**Sent:** Thursday, August 05, 2004 8:10 AM
**To:** Frerichs, Sheryl (CSC)
**Subject:** RE: Probationer Michael Godfrey

**John said he could not get much out of him. He was so surprised when John confronted him on being in a liquor store it wasn't funny. Ofcourse he came up with a lie about buying two liter bottle of coke.**

-----Original Message-----
**From:** Frerichs, Sheryl (CSC)
**Sent:** Thursday, August 05, 2004 8:07 AM
**To:** Horton, Elizabeth (CSC)
**Subject:** RE: Probationer Michael Godfrey

Imagine that! Any admissions?

-----Original Message-----
**From:** Horton, Elizabeth (CSC)
**Sent:** Thursday, August 05, 2004 8:07 AM
**To:** Frerichs, Sheryl (CSC)
**Subject:** RE: Probationer Michael Godfrey

**He failed big time on the alcohol questions. John said he kept trying to control the interview.**

-----Original Message-----
**From:** Frerichs, Sheryl (CSC)
**Sent:** Monday, August 02, 2004 10:48 AM
**To:** Horton, Elizabeth (CSC)
**Subject:** RE: Probationer Michael Godfrey

FYI - John just stopped by. Mr. Godfrey thought he might be able to come up w/the money later this afternoon and John can still test him today. I told John we needed to know specifically, if the def. has consumed alcohol because buying it is not a violation. He will include this in his test.

-----Original Message-----
**From:** Horton, Elizabeth (CSC)
**Sent:** Monday, August 02, 2004 10:05 AM
**To:** Frerichs, Sheryl (CSC)
**Subject:** RE: Probationer Michael Godfrey

10/4/2004